UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROGELIO MEDINA,
    Plaintiff,

v.

PUNTER,
    Defendant.

3:17-cv-1269 (VAB)

**INITIAL REVIEW ORDER**

On July 28, 2017, Rogelio Medina ("Plaintiff" or "Mr. Medina"), an inmate confined at Garner Correctional Institution ("Garner") in Newtown, CT, filed a Complaint *pro se* under 42 U.S.C. § 1983 against Correction Officer Punter in his individual capacity for monetary damages. Mr. Medina is suing Officer Punter for negligence and deliberate indifference to Mr. Medina's safety.

On August 9, 2017, the Court granted Mr. Medina's motion to proceed *in forma pauperis*. *See* ECF No. 9. For the following reasons, Mr. Medina's Complaint will proceed in its entirety.

**I.    ALLEGED FACTUAL BACKGROUND**

The Complaint alleges that, on March 21, 2017, at around 4:45 p.m., Garner correction officers opened Mr. Medina's cell door so that Mr. Medina could go to the dining hall. At that moment, another inmate named Taylor allegedly passed in front of Mr. Medina and asked him what he had just said. Mr. Medina replied that he did not say anything. Mr. Taylor then allegedly walked up to Mr. Medina, placed his two fingers next to Mr. Medina's head as if it was a gun, and told him to "watch [his] fucking mouth." The Complaint maintains that Mr. Taylor's cellmate, Campbell, pulled Mr. Taylor away from Mr. Medina and then said to Mr. Medina, "I

1

got you." Mr. Medina allegedly approached Officer Punter, who was nearby, and asked him why he had not said anything to Mr. Taylor in response to the threat. Officer Punter allegedly told Mr. Medina that he did not see Mr. Taylor engage in any threatening behavior.

The Complaint further claims that when Mr. Taylor and Mr. Campbell overhead Mr. Medina talking to Officer Punter, they called Mr. Medina a "snitching little bitch," and the three inmates started cursing and arguing with each other. Officer Punter allegedly told them to "bang out or get in line." It is alleged that Mr. Campbell's friend put Mr. Medina in a choke hold. Officer Punter allegedly watched the physical altercation unfold for three minutes before calling a "code blue," which allegedly signals an inmate fight.

## II.    STANDARD OF REVIEW

The Court must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[1] 28 U.S.C. § 1915A(a). The Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint or any of its parts are "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. 28 U.S.C. § 1915A(c).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555-57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and ... recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

*Pro se* complaints, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

### III. DISCUSSION

#### A. DELIBERATE INDIFFERENCE

The Eighth Amendment prohibits "cruel and unusual punishment[]." U.S. Const. amend. VIII; *see also Robinson v. California*, 370 U.S. 660, 667 (1962) (incorporating the Eighth Amendment's prohibition of cruel and unusual punishment as binding on the states by way of the Fourteenth Amendment). "[S]et[ting] constitutional boundaries on the conditions of

imprisonment," the Amendment bars "unnecessary and wanton infliction of pain on a prisoner." *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997) (internal quotations marks omitted).

To state a claim for deliberate indifference to safety, in violation of the Eighth Amendment, Mr. Medina must show that 1) the alleged conduct was sufficiently serious, and 2) that Officer Punter acted with a sufficiently culpable state of mind, that is, that he acted maliciously and sadistically to cause harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For Mr. Medina to prevail, Officer Punter must have been aware that Mr. Medina faced an excessive risk to his health and safety and ignored that risk. *See id.* at 837. To determine whether Mr. Medina faced a risk of serious harm, courts "look at the facts and circumstances of which the official was aware at the time he acted or failed to act." *Hartry v. County of Suffolk*, 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

Construed liberally, Mr. Medina has stated a plausible Eighth Amendment deliberate indifference to safety claim against Officer Punter. Mr. Medina alleges that Officer Punter, after instructing the inmates to "bang out or get in line," stood by and observed for three minutes while Mr. Medina physically fought with the other inmates before Officer Punter caller for assistance to break up the fight. Therefore, the Court will permit his Eighth Amendment claim to proceed against Officer Punter at this time.

### B. NEGLIGENCE

Mr. Medina also raises a claim sounding in the tort of negligence. This Court can exercise supplemental jurisdiction over a state law claim such as negligence if:

> (1) there is a claim arising under the federal constitution or federal laws; (2) the relationship between the federal claim and the state claim permits the conclusion that the entire action comprises but one constitutional case; (3) the federal claim has substance sufficient to confer subject matter jurisdiction on the court; and (4) the state and federal claims derive from a common nucleus of operative fact.

*Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir. 1989), *abrogated on other grounds*, *Graham v. Connor*, 490 U.S. 386 (1989) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

Because the facts giving rise to his negligence claim are the same facts giving rise to his Eighth Amendment claim, the Court will exercise jurisdiction over Mr. Medina's negligence claim to proceed against Officer Punter.

Furthermore, Mr. Medina's Complaint includes "a short and plain statement" that Officer Punter delayed breaking up an altercation between Mr. Medina, Mr. Campbell, and Mr. Taylor. Fed. R. Civ. P. 8(a)(2). At this state in the litigation, these alleged facts, liberally construed, are sufficient to state a claim of negligence. Mr. Medina's negligence claim may proceed.

## IV. CONCLUSION

The Court enters the following **ORDERS**:

(1) Mr. Medina's Eighth Amendment and negligence claims may proceed against Officer Punter.

(2) The Clerk of Court shall verify the current work address for Officer Punter, with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to him at the confirmed address within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver request on the **thirty-fifth (35) day after mailing**. If Officer Punter fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him, and Officer Punter shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(3) Officer Punter shall file his response to the complaint, either an answer or motion to dismiss, **within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to him**. If he chooses to file an answer, he shall admit or deny the allegations and respond to the claims recited above. He may also include any and all additional defenses permitted by the Federal Rules.

(9) Discovery, under Fed. R. Civ. P. 26-37, shall be completed **within six months (180 days) from the date of this order**. Discovery requests need not be filed with the court.

(10) All motions for summary judgment shall be filed **within seven months (210 days) from the date of this order**.

**SO ORDERED** this 22nd day of November, 2017, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE